<u>**NOT FOR PUBLICATION**</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT MONSERRATE,  :  | Civil No. 10-2260 (WJM) |
| Plaintiff, : | |
| : | **<u>OPINION</u>** |
| v. : | |
| BRIAN RABBITT, et al., : | |
| Defendants. : | |

**APPEARANCES:**

> ROBERT MONSERRATE, #230986, Plaintiff <u>Pro</u> <u>Se</u>
> Hudson County Correctional Center
> 35 Hackensack Avenue
> Kearny, New Jersey  07032

**MARTINI**, District Judge:

Robert Monserrate, a pretrial detainee, seeks to bring this action <u>in</u> <u>forma</u> <u>pauperis</u> without prepayment of fees pursuant to 28 U.S.C. § 1915.  Based on his affidavit of poverty, prison account statement and the apparent absence of three prior qualifying dismissals, <u>see</u> 28 U.S.C. § 1915(g), this Court will grant Plaintiff's application to proceed <u>in</u> <u>forma</u> <u>pauperis</u> as a prisoner, and direct the Clerk to file the Complaint without prepayment of the filing fee.  <u>See</u> 28 U.S.C. § 1915(b).  Having thoroughly reviewed Plaintiff's allegations, this Court will dismiss the Complaint, without prejudice to the filing of an amended complaint stating a cognizable claim under 42 U.S.C. § 1983.

## I.  BACKGROUND

The Complaint seeks damages and injunctive relief against Jersey City Police Officers Detective Brian Rabbitt and Lt. Lockwood.  Plaintiff asserts that Det. Rabbitt violated his rights as follows: "This person is responsible for my arrest in violation of my 7th and 14th Amendment constitutional right.  Additionally he is acting as a complaining witness."  (Docket Entry #1 at p. 4.)  He alleges that Lt. Lockwood is "also responsible for my arrest and violation of my 7th and 14th Amendment constitutional rights."  (Id.)  In the section of the form complaint instructing him to state the facts, Plaintiff refers to the attached page, which provides, in relevant part:

> Government[s] are instituted, deriving their just power from the consent of the governed . . . .  The people of the United States . . . did ordain and establish the constitution for the United States of America.
>
> The police department is an extension of our government of the United States, the police have a vested right and duty to uphold the rights of the people and laws of the land . . .
>
> The laws, rules, and/or provisions governing police power, conduct in criminal case procedures and/or police investigation has its own distinct function its own impact on administration of justice in a way that such factors may vary.  Yet there are certain factors that may not vary or stray such as the investigation of criminal accusation and of crimes and the determination of probable cause, to apprehend the suspect or criminal.  This basis systemic inquiry into the alleged crime or unlawful activity is necessary for the government officials to acquire the knowledge of the nature of the rime and possible culprits.  This is a basis procedural due process made applicable to the states, the state of New Jersey, County of Hudson, Township of Jersey City by the 14th Amendment due process of law clause or guaranty, while there is interest in, the police officers, devising prompt and efficient procedures to achieve legitimate objectives the constitution recognizes high values than speed and efficiency.

(Docket Entry #1 at p. 6.)

Plaintiff seeks the following relief for alleged violation of his constitutional rights: "I would like for you to exonerate all charges of false accusation and arrest, and award me 1.5 million for damages and injuries, also I would like this to be police policy, making criminal complaints must show some type of identification and sign complaints." (Docket Entry #1, p. 7.)

## II. STANDARD FOR DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires the Court, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a plaintiff is proceeding in forma pauperis or a prisoner seeks redress from a governmental agent or entity. See 28 U.S.C. §§ 1915(e)(2)(B), 1915A. The PLRA requires the Court to sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Id.

A claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios." Neitzke v. Williams, 490 U.S. 319, 328 (1989); see also Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990).

Addressing the clarifications as to the litigant's pleading requirement stated by the United States Supreme Court in Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), the Court of Appeals for the Third Circuit provided the district courts with guidance as to what pleadings are sufficient to pass muster under Rule 8. See Phillips v. County of Allegheny, 515 F.3d 224, 230-34 (3d Cir. 2008). Specifically, the Court of Appeals observed as follows:

> "While a complaint . . . does not need detailed factual allegations, a plaintiff's obligation [is] to provide the 'grounds' of his 'entitle[ment] to relief' . . . ." Twombly, 127 S. Ct. at 1964-65 . . . ."[T]he threshold requirement of Rule 8(a)(2) [is] that the 'plain

3

> statement [must] possess enough heft to 'sho[w] that the pleader is entitled to relief.'" Id. at 1966. [Hence] "factual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965 & n.3.

Id. at 230-34 (original brackets removed).

This pleading standard was further refined by the Supreme Court in its recent decision Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), where the Supreme Court clarified as follows:

> [In any civil action,] the plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully. Id. [Indeed, even w]here a complaint pleads facts that are "merely consistent with" a defendant's liability, [the so-alleging complaint still] "stops short of [showing] plausibility of 'entitlement to relief.'" Id. at 557 (brackets omitted). [A fortiori,] the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions [or to t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements [, i.e., by] legal conclusion[s] couched as a factual allegation [e.g.,] the plaintiffs' assertion of an unlawful agreement [or] that [defendants] adopted a policy '"because of,' not merely 'in spite of,' its adverse effects upon an identifiable group." . . . . [W]e do not reject these bald allegations on the ground that they are unrealistic or nonsensical. . . . It is the conclusory nature of [these] allegations . . . that disentitles them to the presumption of truth. . . . [Finally,] the question [of sufficiency of] pleadings does not turn [on] the discovery process. Twombly, 550 U.S.] at 559 . . . . [The plaintiff] is not entitled to discovery [where the complaint asserts some wrongs] "generally," [i.e., as] a conclusory allegation [since] Rule 8 does not [allow] pleading the bare elements of [the] cause of action [and] affix[ing] the label "general allegation" [in hope of developing actual facts through discovery].

Iqbal, 129 S. Ct. at 1949-54.

The Third Circuit observed that Iqbal hammered the "final nail-in-the-coffin" for the "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957),[1] which was

---

[1] The Conley court held that a district court was permitted to dismiss a complaint for
(continued...)

4

applied to federal complaints before <u>Twombly</u>.  See <u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203 (3d Cir. 2009).  Since <u>Iqbal</u>, the Third Circuit has required the district courts to conduct, with regard to Rule 8 allegations, a two-part analysis when reviewing a complaint for dismissal for failure to state a claim:

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions.  [See <u>Iqbal</u>, 129 S. Ct. at 1949-50].  Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief" [in light of the definition of "plausibility" provided in <u>Iqbal</u>.]  In other words, a complaint must do *more than allege the plaintiff's entitlement to relief*.  A complaint has to "show" such an entitlement with its facts.  See <u>Phillips</u>, 515 F.3d at 234-35.  As the Supreme Court instructed in <u>Iqbal</u>, "[w]here the well-pleaded facts do not permit the court to infer more than the *mere possibility of misconduct, the complaint has alleged-but it has not 'show*[*n*]*'-'that the pleader is entitled to relief*.'"  <u>Iqbal</u>, [129 S. Ct. at 1949-50 (emphasis supplied)].  This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." <u>Id.</u>

<u>Fowler</u>, 578 F.3d at 210-11 (emphasis supplied).

The Court is mindful that the sufficiency of this <u>pro se</u> pleading must be construed liberally in favor of the plaintiff, even after <u>Iqbal</u>.  See <u>Erickson v. Pardus</u>, 551 U.S. 89 (2007).  With these precepts in mind, the Court will determine whether the Complaint should be dismissed for failure to state a claim upon which relief may be granted.

### III.  DISCUSSION

---

[1](...continued)
failure to state a claim only if "it appear[ed] beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." <u>Conley v. Gibson</u>, 355 U.S. at 45-46.

A district court may exercise original jurisdiction over "Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their authority." U.S. Const. art. III., § 2; see also 28 U.S.C. § 1331.  Section 1983 of Title 42 of the United States Code authorizes a person such as Plaintiff to seek redress for a violation of his federal civil rights by a person who was acting under color of state law.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

To recover under 42 U.S.C. § 1983, a plaintiff must show two elements:  (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Sample v. Diecks, 885 F.2d 1099, 1107 (3d Cir. 1989).

Here, Plaintiff sues two Jersey City police officers for arresting him in violation of Plaintiff's constitutional rights.  The Fourth Amendment provides: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV.  The Fourth Amendment prohibits a police officer from seizing

a citizen except upon probable cause.  See Albright v. Oliver, 510 U.S. 266, 274-75 (1994).  But "when an officer has probable cause to believe a person committed even a minor crime . . . the balancing of private and public interests is not in doubt [and t]he arrest is constitutionally reasonable."  Virginia v. Moore, 553 U.S. 164, 171 (2008).  "To find that there was an unlawful arrest in violation of the Fourth Amendment, the jury need only have found that under the facts and circumstances within [the officer's] knowledge, a reasonable officer could not have believed that an offense had been or was being committed by the person to be arrested."  Mosley v. Wilson, 102 F.3d 85, 94-5 (3d Cir. 1996); accord Revell v. Port Authority of New York, New Jersey, 598 F. 3d 128, 137 n.16 (3d Cir. 2010).  "Probable cause requires more than bare suspicion, but need not be based on evidence sufficient to support a conviction, nor even a showing that the officer's belief is more likely true than false."  Hughes v. Meyer, 880 F. 2d 967, 969 (7th Cir. 1989).

  In this case, Plaintiff asserts simply that defendants arrested him in violation of his constitutional rights.  He does not assert facts showing that the police lacked probable cause to arrest him.  The Iqbal pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation . . . .  A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do . . . .  Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement."  Iqbal, 129 S. Ct. at 1949 (citations and internal quotation marks omitted).  Here, in the absence of factual allegations showing that defendants lacked probable cause to arrest Plaintiff, the Complaint does not state a Fourth Amendment seizure claim based on Plaintiff's unspecified arrest.  This Court will accordingly dismiss the Complaint for failure to state a claim upon which relief can be granted.

However, because Plaintiff may be able to assert facts stating a Fourth Amendment claim, the dismissal is without prejudice to the filing of an amended complaint, within 30 days, which asserts that the police lacked probable cause to arrest Plaintiff and sets forth the factual basis for Plaintiff's assertion that the police lacked probable cause to arrest him.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 110-111 (3d Cir. 2002).

## IV.  CONCLUSION

For the reasons set forth above, the Court grants Plaintiff's application to proceed in forma pauperis and dismisses the Complaint, without prejudice to the filing of an amended complaint.  The Court will enter an appropriate Order.

s/William J. Martini

**WILLIAM J. MARTINI, U.S.D.J.**

Dated: May 19, 2010